IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL KISSELL,                )
                                )
        Plaintiff,               )
                                )
    v.                          )   Civil Action No. 97-786
                                )
PENNSYLVANIA DEPARTMENT          )
OF CORRECTIONS,                  )
        Defendant.               )


MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                October 25, 2005

Before the court are plaintiff's Amended Motion for Attorneys' Fees and Costs [Document No. 144] and plaintiff's Motion for Attorneys' fees related to Motion for Front Pay [Doc. No. 143]. On April 25, 2002, following trial, a jury returned a verdict against defendant. The jury found that defendant discriminated against plaintiff because of his sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. The jury awarded plaintiff $500,000 in back pay and compensatory damages, and ordered defendant to reinstate plaintiff. Defendant filed an unsuccessful appeal. On remand, plaintiff sought front pay in lieu of reinstatement. On March 23, 2005, the court granted plaintiff's motion and ordered that

defendant compensate plaintiff in the form of front pay from the date of the verdict to the date defendant offered plaintiff reinstatement at SCI-Laurel Highlands.

Plaintiff now requests an award of attorneys' fees for work performed by his attorneys from November 16, 1998 to March 14,2004. In his amended petition, plaintiff seeks compensation for 293.2 hours of work performed by his attorneys at an hourly rate of $210.00. Plaintiff further seeks compensation for 71.5 hours of work performed by a paralegal at an hourly rate of $65.00.[1] Thus plaintiff seeks an award of attorneys' fees in the amount of $61,572.00 and "clerical fees" in the amount of $4647.50. Plaintiff also seeks costs in the amount of $600.08. Plaintiff further requests $1,785.00 for his attorneys' successful prosecution of his request for front pay, which represents 8.5 hours of work by his attorney multiplied by $210 per hour.

A "prevailing party" in a federal civil rights case may recover reasonable attorneys' fees and costs. 42 U.S.C. § 2000 e-5(k) (Title VII). Under both § 1983 and Title VII, a civil rights plaintiff is a prevailing party if she succeeds on any

---

[1] Plaintiff failed to specify the hourly rate of the paralegal who worked on his case. The Court determined that Plaintiff was seeking $65.00 per hour for work performed by the paralegal by dividing the total request, $4,647.50, by the total number of hours, 71.5.

significant issue in litigation that achieve some of the benefit plaintiff sought in bringing the suit. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-93 (1989); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Defendant concedes that plaintiff is a prevailing party.

Defendant contends, however, that plaintiff's Amended Motion for Attorneys' Fees should be denied because it was not filed within ten (10) days of the entry of judgment as required by Fed.R.Civ.P. 54(d). Defendant's argument is without merit. It is well established that an award of attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k) is committed to the sound discretion of the court. If appropriate, the court may extend the time in which to file a motion for attorneys' fees. By order dated September 25, 2002, this court advised plaintiff that, upon receipt of a motion for attorneys' fees, the court would rule. Thereafter, defendant unsuccessfully appealed this case to the Court of Appeals for the Third Circuit. Upon remand, plaintiff filed a motion for attorneys' fees. On October 12, 2004, the court held an evidentiary hearing on plaintiff's motion for attorneys' fees and directed plaintiff to file an amended

petition to address deficiencies raised by defendant. Plaintiff did so promptly. In light of the procedural history of this matter, the Court determines that plaintiff's request for attorneys fees was timely filed.

Defendant also raises a number of substantive objections to plaintiff's request for attorneys' fees. Specifically, defendant argues that plaintiff is not entitled to the fee requested because: (1) he has failed to submit his attorneys' contemporaneous time records to support his request for attorneys' fees; (2) he has submitted a request for attorneys fees which includes the time of an earlier attorney; (3) he has submitted a request for fees that is so excessive it constitutes bad faith. In the alternative, defendant requests that the court reduce the fee request substantially. Finally, defendant argues that the court should reduce the fee request as it relates to fees and costs incurred in responding to defendant's unsuccessful appeal to the United States Court of Appeal for the Third Circuit.

Defendant's claim that this court should deny plaintiff's request for attorneys' fees because his attorney failed to submit contemporaneous time records is without merit. The Court of Appeals for the Third Circuit has held that "[a] fee petition is required to be specific enough to allow the district court to

4

determine if the hours claimed are unreasonable for the work performed." <u>Washington v. Phila. County Court of Common Pleas</u>, 89 F.3d 1031, 1037 (3d Cir. 1996). Plaintiff need only provide "fairly definite information as to the hours devoted to various general activities." <u>Rode v. Dellaciprete</u>, 892 F.2d 1177, 1190 (3d Cir. 1990). The court of appeals has noted that "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted." <u>Id.</u> Accordingly, plaintiff's fee request, while far from perfect, is adequate.

Defendants next argue that plaintiff is not entitled to the fees requested for the work of a second attorney who withdrew from the case in February of 2002. Defendant's argument is not well founded. A fee award accrues to the benefit of the prevailing party and not his attorney. <u>Evans v. Jeff D.</u>, 475 U.S. 717, 730-32 (1986). Thus, the sole question is whether attorneys, acting on behalf of plaintiff, incurred fees. There is no question that fees were incurred on plaintiff's behalf between November 16, 1998 and February 21, 2002. Accordingly, a fee award to plaintiff for this time period is appropriate, regardless of which attorney may have performed the work.

Defendant also claims that plaintiff is not entitled to fees plaintiff incurred responding to defendant's unsuccessful appeal to the Court of Appeals for the Third Circuit. Plaintiff is entitled to fees associated with appeals, as well as fees associated with preparing and litigating the fee petition itself. Prandini v. Nat'l Tea Co., 585 F.2d 47 (3d Cir. 1978).

Defendant also contends that the number of hours expended was so unreasonable as to constitute bad faith. I disagree. That the number of hours expended was not unreasonably large is perhaps reflected in plaintiff's excellent result. Plaintiff's counsel was thoroughly prepared and well versed in the factual and legal issues presented by a complex case.

Finally, the fees requested are not excessively high. Plaintiff's counsel has sufficiently documented the hours expended and the rates charged. The "lodestar" for each attorney and for the paralegal represent the prevailing market rates for attorneys of comparable skill, experience and reputation and for paralegals in this legal community. The reasonableness of the claimed hourly rates is sufficiently supported by affidavits.

In conclusion, I find that the hourly rates submitted by plaintiff's counsel are appropriate, and that the number of hours claimed are reasonable for the work performed.

Therefore, IT IS HEREBY ORDERED that plaintiff"s Amended Motion for Attorneys' Fees [Doc. No. 144] and Plaintiff's Motion for Attorneys' fees related to Motion for Front Pay [Doc. No. 143] are GRANTED.  Plaintiff's is awarded attorneys' fees in the amount of $68,004.50 and costs in the amount of $600.08.

The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KISSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 97-786 |
| | ) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

ORDER

AND NOW, this 25* day of October, 2005, upon consideration of Plaintiff's motions for Attorneys fees and costs [Doc. Nos. 143 & 144], IT IS HEREBY ORDERED that the motions Are GRANTED. Plaintiff's is awarded attorneys' fees in the amount of $68,004.50 and costs in the amount of $600.08.

BY THE COURT:

_____, J.

cc: All Counsel of Record