IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KISSELL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 97-786 |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.

This is a breach of contract action filed as a motion for equitable relief. The moving parties, Leonard E. Sweeney and The Law Firm, allege that Michael F. Kissell owes them attorneys fees for their legal representation in the above-captioned matter. For the reasons set forth below, we will dismiss this motion for lack of jurisdiction.

I.   BACKGROUND

Mr. Kissell, plaintiff in the underlying action, filed an employment discrimination suit against his employer in 1997. On April 25, 2002, following trial, a jury returned a verdict finding that the employer discriminated against Mr. Kissell because of his sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. The jury awarded him $500,000 in back pay and compensatory damages, and ordered the

employer to reinstate Mr. Kissell. The employer filed an unsuccessful appeal. On remand, Mr. Kissell sought front pay in lieu of reinstatement. On March 23, 2005, the court granted his motion. Mr. Kissell then requested an award of attorneys' fees for work performed by his attorneys from November 16, 1998 to March 14, 2004, which this court granted on October 26, 2005. The Court of Appeals for the Third Circuit affirmed that decision on September 20, 2006.

Currently before the court, is a motion for equitable relief filed by Mr. Kissell's attorneys alleging that they have not been paid legal fees in accordance with a legal representation agreement.

II. DISCUSSION

The movants in this case have asserted, without providing any legal citation, that the court has "the authority to fashion equitable relief" among the parties in this contract dispute. The court finds that it does not have jurisdiction over this contract dispute and will deny the motion for equitable relief.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute. Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 377 (1994). The current motion presents a straightforward contract dispute. This court does not have

jurisdiction to hear this claim. See Kokkonen, 511 at 381 (1994) (holding that federal courts do not have ancillary jurisdiction over breach of contract claims that are not essential to underlying federal claims).

Therefore, IT IS HEREBY ORDERED that movant's Motion for Equitable Relief is denied.

The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KISSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 97-786 |
| | ) |
| PENNSYLVANIA DEPARTMENT | ) |
| OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

ORDER

AND NOW, this 12th day of January, 2007, upon consideration of movant's Motion for Equitable Relief [document #160], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record